# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **CUBWA JENEVELA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | Civil Action No. 4:21-cv-1351-P |
| | § | |
| **FIESTA MART, LLC D/B/A FIESTA MART, and FIESTA MART, INC. D/B/A FIESTA MART #76** | § § § § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff, Cubwa Jenevela ("Plaintiff" or "Ms. Jenevela"), complaining of and about Defendants, Fiesta Mart, LLC d/b/a Fiesta Mart and Fiesta Mart, Inc. doing business as Fiesta Mart #76, (collectively "Defendants") and for cause of action would show unto the Court the following:

## PARTIES

1.  Plaintiff Cubwa Jenevela is a resident of Tarrant County, Texas.

2.  Defendant Fiesta Mart, LLC d/b/a, Fiesta Mart is a Limited Liability Company conducting business in Texas, and has been served and answered.

3.  Defendant Fiesta Mart, Inc. d/b/a, Fiesta Mart #76 is a Texas entity conducting business in Texas, and has been served with citation through its registered agent, Stacy S Walker, 5235 Katy Freeway, Houston, Texas 77007.

## JURISDICTION

4. At this time, Plaintiff believes that this case should be remanded as the parties are not diverse and there are no other reasons for the case to be removed from state court to federal court.

## VENUE

5. Venue is proper in this District because all or a substantial part of the events giving rise to the cause of action occurred in this District. 28 USC § 1391(b)(2).

## FACTUAL BACKGROUND

6. On or about November 16, 2019, Ms. Jenevela was an invitee and entered upon the premises of the Fiesta Mart on 4245 E. Berry St., Fort Worth, Texas, 76106. During the time that Plaintiff was upon Defendants' property, Plaintiff was seriously injured as a result of a slip and fall that was caused by a dangerous condition on the premises near the produce section. At the time of this fall, the premises and /or its condition was owned, controlled, managed and maintained by Defendants.

7. As a result, Plaintiff, Ms. Jenevela, sustained severe injuries to her back and body in general.

8. Said occurrence was not caused by or contributed to by Plaintiff, nor did the same occur through any fault or negligence on the part of Plaintiff, but was caused solely by the acts, wrongs, and/or omissions of Defendants, and/or their agents, servants and/or employees, officers, vice-principals or those acting by, through or under them, and for which Defendants retained contractual control of certain aspects of the premises in question and exercised actual control over the premises and safety on the premises in question such that the acts, wrongs and/or omissions of Defendants were the proximate and/or producing cause of the injuries and damages

sustained by Plaintiff. The supervisory control related to or had a nexus to the condition that caused Plaintiff's injuries and damages. As a result of said acts and/or omissions, Plaintiff sustained and continues to sustain injuries and damages which will be set out more fully hereinafter.

## NEGLIGENCE/PREMISES LIABILITY

9. On the occasion in question, Defendants, their agents, servants and/or employees, were guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence and premises liability. Said acts, wrongs, and/or omissions include, without limitation, the following:

   a. creating a condition which caused the injury and harm to Plaintiff;

   b. failing to remedy a condition which caused the injury and harm to Plaintiff;

   c. negligently creating an unreasonable risk of harm to Plaintiff;

   d. negligently creating an unreasonable risk of harm to Plaintiff;

   e. failing to use reasonable care to keep the premises under their maintenance and control in a safe condition;

   f. failing to warn Plaintiff that an unreasonably dangerous condition existed which required extra care to be taken by her while upon the Defendants' premises;

   g. failing to correct a dangerous condition or circumstance which Defendants knew, or in the exercise of reasonable care should have known existed;

   h. failing to discover a dangerous condition to persons, including Plaintiff;

   i. failing to follow and/or abide by city and/or state procedures, rules, regulations and/or policies;

   j. failing to provide adequate safety advice and recommendations;

   k. failing to adequately inspect the premises;

l. failing to warn the public, including Plaintiff, of the unreasonable dangers existing on the premises;

m. failing to use due care and caution under the circumstances when Defendants knew or should have known of the serious and permanent injuries that could be caused by such failure, and knew or should have known of the inherent dangers and conditions located on the premises, but failed to remedy or to warn of same;

n. failing to implement adequate safety procedures, rules, regulations and/or policies;

o. failing to erect and/or provide adequate warnings of said defects or dangerous conditions on the premises, in an effort to reduce, eliminate, or prevent the unreasonable risk of harm to Plaintiff;

p. failing to correct the dangerous conditions which existed on the premises;

q. failing to warn Plaintiff that the dangerous conditions existed on the premises which required Plaintiff to exercise extra care;

r. negligently creating a dangerous condition and special defect on the premises;

s. committing various acts and/or omissions of negligence, both statutory and at common law, to be specified in greater detail at the time of trial;

t. failure to properly maintain the area where Plaintiff's injuries occurred;

u. failure to place warning signs near the area to warn Plaintiff or other invitees of the dangerous condition; and

v. failure to place warnings around the dangerous condition

## **INJURIES**

10. As a direct and proximate result of the aforementioned acts and/or omissions of negligence, Plaintiff sustained severe and painful injuries including but not limited injuries to her

back. As a result of said injuries, she has incurred reasonable and necessary medical bills in the treatment of her injuries in the past and will, in all reasonable probability, continue to incur reasonable and necessary medical bills in the reasonable and necessary treatment of her injuries for a long time into the future.

11. While upon Defendants' premises, Plaintiff suffered severe injuries as a direct result of the above incident which was proximately caused by a dangerous condition on the premises. Plaintiff would show that Defendants knew or should have known of such condition and that Defendants, and/or their agents, servants and/or employees, negligence in failing to remedy such situation, caused or contributed to Plaintiff's injuries.

12. Plaintiff further alleges that Defendants, their agents, servants, and/or employees negligently caused or negligently permitted such condition to exist, in spite of the fact that Defendants, their agents, servants and/or employees knew, or in the exercise of ordinary care should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff.

13. As a direct and proximate result of the incident in question, Plaintiff has suffered physical pain and suffering, mental anguish and emotional trauma in the past and will, in all reasonable probability, continue to experience pain and suffering, mental anguish and emotional trauma for a long time into the future.

14. As a further direct and proximate result of the Defendants' negligence and the resulting occurrence in question, Plaintiff has sustained physical impairment and disfigurement, which, in all reasonable probability, will remain with her for the remainder of her natural life.

15. Plaintiff alleges and shows that the personal injuries and damages she sustained were proximately caused by the negligence of Defendants acting individually and/or by or through

their agents, servants, employees, and representatives, and that such negligence was the proximate cause of the injuries and damages sustained by Plaintiff.  Defendants were responsible, in whole or in part, for maintaining, repairing, inspecting, and upkeep of the area where the incident made the basis of this lawsuit occurred.  As a result, Defendants have a duty to Plaintiff to protect her from injuries, hazards and dangers in and/or on the area and to correct any and all type conditions and hazards in the area.  Plaintiff alleges that Defendants breached their duty to her, which proximately caused her personal injuries and the damages she suffered.

16. In this connection, Plaintiff alleges that Defendants, acting individually and/or by and through their agents, servants, employees and representatives, were negligent of many acts or omissions, including but not limited to, repairing, inspection, servicing, maintaining, and correcting the area where the incident made the basis of this lawsuit occurred of all type hazards and in negligently performing its duties, obligations and rights of control as to the common and non-common areas of the area, all of which proximately caused Plaintiff's injuries and damages.

## DAMAGES

17. Plaintiff has suffered the following damages:

a. Plaintiff suffered reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medications, and other services and supplies in the past;

b. Plaintiff will further suffer reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medications, and other services and supplies in the future;

c. Plaintiff suffered physical pain in the past;

d. Plaintiff will further suffer physical pain in the future;

e. Plaintiff suffered mental anguish in the past;

 f. Plaintiff will further suffer mental anguish in the future;

 g. Plaintiff suffered physical disfigurement in the past;

 h. Plaintiff will further suffer physical disfigurement in the future;

 i. Plaintiff suffered physical impairment in the past; and

 j. Plaintiff will further suffer physical impairment in the future.

By reason of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of this court. Plaintiff will be forced to endure physical pain, suffering, mental anguish, physical impairment/disability, physical disfigurement, and all other recoverable damages at law for an undetermined length of time in the future and probably for the rest of her life. Plaintiff would show that her total damages as set out exceed the minimum jurisdictional limits of this Court.

## PREJUDGMENT INTEREST

18. Plaintiff asserts a claim for prejudgment and post-judgment interest on all applicable elements of damages.

## CONDITIONS PRECEDENT

19. All conditions precedent to recovery have been performed or met regarding this claim, including requisite notice of claim.

## INCORPORATION OF ALLEGATIONS

20. All allegations made herein are incorporated into every other titled allegation.

## PLAINTIFF'S REQUEST FOR JURY TRIAL

21. Plaintiff hereby requests a jury trial in this civil action and tenders the appropriate fee to the clerk of the court in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein as required by law; that upon final hearing hereon Plaintiff have judgment of and from Defendants, jointly and severally, in the amount of damages proved; for all costs of Court, for pre-judgment interest at the highest rate according to law; for post-judgment interest at the highest rate according to law; and for such other and further relief, special or general, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Elan Cabrero
Elan Cabrero
Texas State Bar No. 24096772
Jamshyd (Jim) M. Zadeh
Texas State Bar No. 22239000
Nick Peele
Texas State Bar No.24097078
Law Office of Jim Zadeh, P.C.
1555 Rio Grande Avenue
Fort Worth, Tx 76102 817-335-5100
817-335-3974-fax
elan@zadehfirm.com
jim@zadehfirm.com
nick@zadehfirm.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the counsel of record for Defendant via fax in accordance with the Federal Rules of Civil Procedure on this the 28th day of December, 2021.

_____
Jamshyd (Jim) M. Zadeh